UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DE CARLOS FREEMAN,

    Plaintiff,                                                  Hon. Janet T. Neff

v.                                                           Case No. 1:17 CV 694

UNKNOWN ROBBINS, et al.,

    Defendants.

_____/


**REPORT AND RECOMMENDATION**

For the reasons discussed below, the Court, pursuant to 28 U.S.C. § 636(b)(1)(B), recommends that **the present action be dismissed for Plaintiff's failure to prosecute**.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

drastic sanctions were imposed or considered.  *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiff's claims be dismissed.  Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution."  Three separate mailings that the Court recently attempted to mail to Plaintiff were all returned as undeliverable because Plaintiff has not provided the Court will his correct mailing address.  This is a willful failure by Plaintiff which prejudices Defendants' ability to defend against Plaintiff's claims.  While Plaintiff has not previously been warned by the Court that dismissal of his claims might result from his refusal to comply with the aforementioned rule, this Recommendation will serve as such a warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  August 18, 2017

/s/
ELLEN S. CARMODY
United States Magistrate Judge