UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DE CARLOS FREEMAN,

    Plaintiff,

v.

UNKNOWN ROBBINS, et al.,

    Defendants.

_____/

Hon. Janet T. Neff

Case No. 1:17-cv-694

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Robbins' Motion to Dismiss. (ECF No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action on August 2, 2017, against Officer Russ Robbins and Oronoko Township. In his complaint, Plaintiff alleges the following. On August 5, 2015, Officer Robbins effected a traffic stop against Plaintiff. Robbins subsequently arrested Plaintiff and impounded his vehicle. Plaintiff was thereafter subjected to 20 days of unlawful imprisonment. Plaintiff alleges that Robbins' actions violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff's claims against Oronoko Township were previously dismissed. Defendant Robbins now moves to dismiss Plaintiff's complaint on the ground that Plaintiff's claims fail to state a claim on which relief may be granted. Plaintiff has failed to respond to Defendant's motion.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477 (1994), Heck brought a § 1983 damages action alleging that defendants had conducted an "unlawful, unreasonable, and arbitrary investigation," had destroyed exculpatory evidence, and caused illegally obtained evidence to be introduced at his criminal trial. *Id.* at 478-79. The Supreme Court concluded that Heck's claim was not cognizable. *Id.* at 486-90. Specifically, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions who unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

As a result of the aforementioned August 5, 2015 incident, Plaintiff was charged with drunk driving, a charge to which he pleaded guilty. (ECF No. 25, Exhibit 1). Plaintiff's claims that his arrest and detention were unlawful would certainly call into question the validity of his conviction arising from this incident. Plaintiff has neither alleged nor demonstrated that his conviction has been reversed or otherwise invalidated or called into question. Accordingly, the undersigned recommends that Defendant Robbins' motion to dismiss be granted. *See, e.g., Reeves v. United States Department of Justice*, 2008 WL 4911409 at *2 (W.D. Mich., Nov. 12, 2008) (a claim barred by the *Heck* doctrine is properly dismissed for failure to state a claim).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Robbins' Motion to Dismiss</u>, (ECF No. 25), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: February 6, 2018               /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      U.S. Magistrate Judge